GILBERT BRANDSER v. OLE O. MJAGETO.

May 16, 1900.

Nos. 12,013—(169).

**Decision Sustained by Findings.**

> The conclusion of law in this case, as made by the trial court, is supported by findings of fact which have not been assailed as not sustained by the evidence.

Action in the district court for Becker county to establish plaintiff's title to a building. The case was tried before Baxter, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*True & Farmer*, for appellant.

*H. Steenerson*, for respondent.

COLLINS, J.

This is a somewhat singular action,—brought, as stated by the plaintiff's counsel, "for the establishing of title to, and for possession of, a certain house, stable, and granary," which defendant refused to surrender upon plaintiff's demand. The case was tried before the court without a jury, and, upon its findings of fact, judgment was ordered for the defendant.

The buildings in dispute were erected by one Jellum some time prior to 1883, on what he supposed to be his homestead,—a tract of 160 acres,—to which he afterwards obtained title under the homestead laws of the United States. As a matter of fact, the buildings were erected over the line, and on a tract of land which then and now belongs to the state of Minnesota. Jellum lost the tract of land on which he supposed the buildings were located, by foreclosure of a mortgage, and the defendant subsequently purchased the same from the mortgagee, who had bought it in at the foreclosure sale. Defendant went into the possession of the land and the buildings, and thereafter, by an agreement made with his vendor, reconveyed the land in full satisfaction of a mortgage note which he had given at the time he purchased. Thereafter he remained in possession of the land as a tenant for one year. He has occupied the buildings in question continually since March 1, 1893, at which time he purchased the land, as before stated.

The court below found as facts, among other things, that all persons and parties who had been connected with the land in any manner from the time the buildings were erected until the time defendant reconveyed to his vendor understood and believed that these buildings were on the mortgaged land, and that each of said persons dealt with said land and with each other in that understanding and belief. The court also found that plaintiff purchased this land with knowledge at the time that said buildings were not situated upon it, but were in fact situated on land belonging to the state of Minnesota. The correctness of these findings is not challenged by the defendant's counsel, and must be treated by us

as absolutely true. From them it appears that the plaintiff bought the land alone; that he knew that the buildings were not upon the tract he purchased, and also knew that they were on land belonging to the state. There was no finding that his vendor sold or assumed to sell the buildings, or that plaintiff bought, or even supposed he was buying, the same. Counsel for plaintiff assume that plaintiff stands in the shoes of his client's vendor,—an unwarranted assumption, in so far as is shown by the findings. On the case as presented to us, the plaintiff acquired no rights as against the occupant of the buildings, and can maintain no action to establish his title thereto or to obtain possession. It would seem that these structures are the property of the state.

"Prima facie, all buildings belong to the owner of the land on which they stand as part of the realty. It is only by virtue of some agreement with the owner of the land that buildings can be held by another party as personal property. If erected wrongfully, or without such agreement, they become the property of the owner of the soil." Merchants' Nat. Bank v. Stanton, 55 Minn. 211, 218, 56 N. W. 821.

Order affirmed.